IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

FATE SANTEE, #103524					PETITIONER

VERSUS				CIVIL ACTION NO. 2:09-cv-216-KS-MTP

CHRISTOPHER EPPS and
RONALD KING						RESPONDENTS

## ORDER OF DISMISSAL

Petitioner, an inmate of the Mississippi Department of Corrections, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 and a motion [2] to proceed *in forma pauperis*, on October 20, 2009. Petitioner's motion [2] failed to contain the required inmate account information. Therefore, on October 21, 2009, an Order [3] was entered directing the petitioner to file a completed *in forma pauperis* application or pay the $5.00 filing fee, no later than November 12, 2009. Petitioner was warned that his failure to timely comply with the requirements of the Order [3] may result in the dismissal of this case. Petitioner failed to comply with the Court's Order.

On December 16, 2009, an Order [4] was entered directing Petitioner to show cause, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's Order [3] of October 21, 2009. In addition, Petitioner was directed to comply with the Court's previous Order [3], by filing a completed *in forma pauperis* application or by paying the required $5.00 filing fee. The Order [4] to Show Cause clearly warned Petitioner that failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice. Petitioner did not comply with this Order [4] to Show

Cause.[1]

Out of an abundance of caution, a Final Order [5] to Show Cause was entered on March 22, 2010. Petitioner was directed to show cause, on or before April 12, 2010, why this case should not be dismissed for his failure to comply with the Court's Orders [3, 4] of October 21, 2009, and December 16, 2009. In addition, Petitioner was directed to comply with the Court's previous Order [3], by filing a completed *in forma pauperis* application or by paying the required $5.00 filing fee. The Final Order [5] to Show Cause clearly warned Petitioner that failure to timely comply with the requirements of the Order would lead to the dismissal of his Petition without further notice. Petitioner has not complied with this Order [5].

As explained above, Petitioner has failed to comply with three Court orders and he has not contacted this Court since October 20, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious

---

[1]Although the Court did not receive any returned mail in this case, there were discrepancies regarding the Petitioner's name and address on the mailing labels of the Clerk's office, therefore, on January 21, 2010, the Clerk re-mailed the December 16, 2009 Order [4] to Show Cause to the Petitioner at his last known address. Petitioner did not comply with this Order [4].

disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Respondent has not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Order of dismissal will be entered.

SO ORDERED, this the 30th day of   April  , 2010.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE